## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SUCCESSION OF HENRY GLOVER** | * | **CIVIL ACTION** |
| **Rolanda Short, individually and on behalf of** | * | |
| **NEHEMIAH SHORT, LASHELLE PENNS,** | * | **NO. 10-1719 c/o 11-982,** |
| **LAWIANIEA PENNS individually and on behalf of** | * | **10-1666, 12-656** |
| **LANCE PENNS & EDWARD KING, SR.** | * | **Pertains to 10-1719** |
| | * | |
| **versus** | * | |
| | * | **SECTION: "B"** |
| **THE CITY OF NEW ORLEANS, ET AL** | * | |
| | * | **MAG: "5"** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFF'S COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come defendants, the City of New Orleans, and in answer to the Plaintiffs' Complaint, respectfully represents:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a right, cause or claim upon which relief can be granted by these defendants.

## SECOND DEFENSE

The allegations made by Plaintiffs, even if proven, do not show the deprivation of a federally protected constitutional right**.**

## THIRD DEFENSE

The allegations set forth in Plaintiffs' Complaint are prescribed, time-barred as a matter of law and Defendants are therefore entitled to judgment in their favor as a matter of law.

## FOURTH DEFENSE

Defendant, the City of New Orleans, the damages complained of were caused by persons over whom they exercised no care, custody, control or *guarde* and for whom they are not legally

responsible, barring recovery as against Defendants herein.

## FIFTH DEFENSE

Defendant herein submit that the claims of Plaintiff are frivolous, groundless, and/or unreasonable, and, as such, defendants herein are entitled to an award against the Plaintiff for all attorney's fees and costs expended in this matter pursuant to federal law and, if applicable, 42 U.S.C. § 1988.

**AND IN ANSWERING THE SPECIFIC ALLEGATIONS OF PLAINTIFFS' COMPLAINT, DEFENDANT SUBMITS AS FOLLOWS:**

1.

The allegations set forth in Paragraph 1. of Plaintiff's Complaint are denied except to admit that jurisdiction and venue are proper.

2.

The allegations set forth in Paragraph 2. of Plaintiff's Complaint are denied except to admit jurisdiction and venue are proper.

3.

The allegations in Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in paragraph 7 are denied except to admit that the City of New Orleans is a municipal corporation.

8.

The allegations contained in paragraph 8 are admitted.

9.

The allegations contained in paragraph 9 are denied.  The City of New Orleans is a self-insured entity.

10.

The allegations contained in paragraph 10 are denied, except to admit that David Warren is a former employee of the New Orleans Police Department.

11.

The allegations contained in paragraph 11 are denied, except to admit that Linda Howard is a former employee of the New Orleans Police Department.

12.

The allegations contained in paragraph 12 are denied, except to admit that Robert Italiano is a former employee of the New Orleans Police Department.

13.

The allegations contained in paragraph 13 are denied, except to admit that Erin Reilly was employed by the New Orleans Police Department.

14.

The allegations contained in paragraph 14 are denied, except to admit that Jeff Winn is a former employee of the New Orleans Police Department.

15.

The allegations contained in paragraph 15 are denied, except to admit that Greg McRae is a former employee of the New Orleans Police Department.

16.

The allegations contained in paragraph 16 are denied, except to admit that Dwayne Scheuermann is a former employee of the New Orleans Police Department.

17.

The allegations contained in paragraph 17 are denied.

18.

The allegations contained in paragraph 18 are Admitted, except denied as written as to Plaintiffs' ability to community with the outside world and denied for lack of sufficient information to justify a belief therein.

19.

Admitted.

20.

The allegations contained in paragraph 20 are denied except to admit that David Warren and Linda Howard were on the second floor of the strip mall.

21.

The allegations contained in paragraph 21 are denied as written for lack of sufficient information, except to admit that William Tanner transported Mr. Glover to a location where he

could receive assistance for his gunshot wound. is a former employee of the New Orleans Police Department.

22.

The allegations contained in paragraph 22 are admitted in part and denied as to whether Mr. Glover was still bleeding in the rear seat of the vehicle for lack of sufficient information.

23.

The allegations contained in paragraph 23 are denied for lack of sufficient information to justify a belief therein.

24.

The allegations contained in paragraph 24 are denied as written.  It is admitted that Jeff Winn instructed Greg McRae and Dwayne Scheurmann to remove the vehicle containing Mr. Glover's body.

25.

The allegations contained in paragraph 25 are admitted in part, denied as to whether DNA was the only method of identification of remains for lack of sufficient information.

26.

The allegations contained in paragraph 26 are denied for lack of sufficient information to justify a belief therein.

27.

The allegations contained in paragraph 27 are denied for lack of sufficient information to justify a belief therein.

28.

The allegations contained in paragraph 26 are denied.

29. A-F

The allegations contained in paragraph 29 A-F are denied.

30.

The allegations contained in paragraph 30 are denied.

31. A-E

The allegations contained in paragraph 31A-E are denied.

32.

The allegations contained in paragraph 32 are denied.

33. A-E

The allegations contained in paragraph 33A-E are denied.

34.

The allegations contained in paragraph 34 are denied.

35. A-E

The allegations contained in paragraph 35 A-E are denied.

36.

The allegations contained in paragraph 36 are denied.

37. A-F

The allegations contained in paragraph 37 A-F are denied.

The allegations contained in the Prayer for Relief are denied.

## **RESERVATION OF RIGHTS**

To the extent permitted by law, Defendants herein reserve their right to supplement and amend this Answer and to assert additional affirmative defenses as future discovery may warrant and require.

**WHEREFORE**, defendant prays that, after due proceedings are had, judgment be rendered in favor of defendants, dismissing Plaintiff's complaint at their cost. Defendants further pray for all other equitable relief appropriate and afforded under the law.

Respectfully submitted,

*/s/ Churita H. Hansell*
**CHURITA H. HANSELL, LSB#25694**
DEPUTY CITY ATTORNEY
**ISAKA R. WILLIAMS, LSB# 29704**
ASSISTANT CITY ATTORNEY
**DAVID M. STRACHAN, LSB# 36689**
ASSISTANT CITY ATTORNEY
**E. PATRICK EAGAN, LSB# 34848**
ASSISTANT CITY ATTORNEY
**ADAM SWENSEK, LSB# 30751**
CHIEF DEPUTY CITY ATTORNEY
**CHERRELL S. TAPLIN, LSB#28227**
SENIOR CHIEF DEPUTY CITY ATTORNEY
**REBECCA H. DIETZ, LSB#28842**
CITY ATTORNEY
1300 Perdido Street, Ste. 5E03
New Orleans, Louisiana 70112
Telephone: 504-658-9920
Facsimile: 504-658-9868
chhansell@nola.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above Answer has been served upon counsel of record by electronic filing this 14th day of October, 2016.

*Churita H. Hansell*
CHURITA H. HANSELL