UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

Charlene Green as									CIVIL ACTION NO. 10-1666
The Natural Tutrix of the minor
Henry Glover, Jr
v
David Warren, Greg McRae, and Travis
McCabe in their individual capacities, and
the City of New Orleans, as their state law				JUDGE:	LEMELLE
claim employer									Magistrate Judge: North

## THIRD SUPPLEMENTAL AND AMENDED COMPLAINT

### Jurisdiction and venue

1. This matter is brought under 42 USC sec. 1983. Supplemental jurisdiction over the City of New Orleans for the state law claims is asserted. Venue is proper in this district because all acts complained of occurred in this district.

### Parties

2. Plaintiff, Henry Glover, Jr, is the major son of Henry Glover. Defendants, David Warren, Greg McRae, Wayne Scheuerman, and Jeff Winn (Warren, McRae, Scheuerman, and Winn) were at all relevant times members of the New Orleans Police Department and acting under the color of law. They are made defendants in their individual capacities. The City of New Orleans (City) is made a *Monell* defendant. The City was at all relevant times the individual defendants' employer for purposes of state law negligence and other tort law claims.

# Introduction

3. Plaintiff, Henry Glover, Jr., living in Texas since Katrina, alleges that sometime between June 18 and June 22, 2009 he first learned that Henry Glover ("Glover") was shot and/or had died due to the actions of one or more of the above named police officers.

## Count 1-Unconstitutional use of lethal force by Warren

4. On or about September 2, 2005, Defendant Warren shot and killed Glover from the second floor balcony of a shopping complex in the 3700 block of Gen. de Gaulle Dr, New Orleans, La., where the NOPD 4th District Detective Bureau was located. The shooting constituted excessive force. Glover's death was wrongful. Warren and the City are made defendants.

## Count 2-Negligent use of lethal force by Warren

5. The above is re-alleged here as though repeated in its entirety in order to allege that the City is liable for Warren's negligent use of force that resulted in the death of Glover. Glover's death was wrongful. The City is made defendant.

## Count 3-Deliberate indifference to a serious medical condition

6. After he was shot, Glover was brought to a police site at Paul B Habans School for emergency medical treatment.

7. The following allegations are pled in the alternative to Count 4. Depending on the time of Glover's death, they constitute either deliberate indifference (at a minimum) or mishandling of a corpse.

8. Winn (who was in command), McRae, Scheuermann, and other unknown New Orleans Police Officers were aware of the seriously adverse medical condition of Glover after he was shot by Warren, but did not make any

attempt to render medical assistance or determine death, not withstanding the presence of medical personnel on site; prevented the three civilians who had brought Glover to Habans to go elsewhere for medical treatment; removed Glover from the Habans site; drove Glover to the far side of the levee; and ignited him such that they are liable for his increased pain and suffering, loss of a chance of recovery, and ultimately his wrongful death.

9. Made defendants are Winn, Scheuermann, Mc Rae, and the City.

### Count 4 -Mishandling a corpse

10. Alternatively, the above course of conduct, in whole or part, depending on time of Glover's death, constitutes the intentional mishandling of a corpse.

11. More particularly, after a cursory exam by Scheuermann (which did not utilize the on-site medical personnel) of Glover, Winn ordered Scheuermann and McRae to remove Glover from the premises. This was the first act of desecration of the corpse. Shortly thereafter McRae, followed by Scheuermann, drove Glover to a remote Mississippi River levee location on the river side of the levee in a vehicle where McRae ignited the vehicle and Glover.

12. Scheuermann watched as McRae ignited the vehicle and Glover; did not intervene; did nothing to minimize the desecration of the corpse as by trying to remove it from the vehicle or extinguish the fire; and then did not report the incident thereby abandoning the corpse such that the desecration continued for days during which time the skull was removed from the corpse.

13. These acts constitute the state law tort of violation of a corpse. McRae was convicted in the United States District Court for the Eastern District of Louisiana on December 9, 2010 of a civil rights violation for seizing and burning William Tanner's car (with Glover's body inside), obstruction of justice for burning a car and Glover's body, and use of fire in commission of a felony, as well as a civil rights violation for the denial of access to the courts by Glover's descendants.

14. Made defendants are Winn, Scheuerman, Mc Rae, and the City.

### Count 5- Survivor's action (CC Art. 2315.1)

15. This count is brought on behalf of Henry Glover, Jr., a surviving child of Glover. All of the above is re-alleged here as though repeated here in order to allege that before Glover died as a result of the wrongful acts of Warren and/or Winn, McRae, Scheuermann, other officers, and the City Glover, Sr suffered pain.

### Count 6- Denial of meaningful access to courts

16. Made defendant in this count are McRae who was convicted of denying Glover's descendants access to the courts, Winn, and Scheuerman, individually, who acts of also denied plaintiff meaningful access to the courts. The City is also made defendant.

### Count 7 - The City is liable under *Monell* for policy of not enforcing its rules

17. Under *Monell* and the above allegations, the City is liable for its policy of allowing of its officers to ignore its own rules with respect to the use of force, administering appropriate medical care, handling a corpse, reporting any aspect of the incident whatsoever, and investigating it. In addition, the City condoned all these failures such that the course of conduct became an official City policy.

### Count 8- The City is liable for the torts of its employees

18. Plaintiff re-alleges the acts in paragraphs 4 through 16, above, as though repeated here in order to allege that McCrae's conviction of federal crimes also constituted state-law torts and that the City of New Orleans is liable as the individual defendant's employer.

## Relief sought

19. Plaintiff seeks all legal and equitable relief and costs against all defendants, and against the individual defendants, punitive damages and attorney fees. A jury trial is requested.

Respectfully submitted,
/s/ J Courtney Wilson
J Courtney Wilson 13561
1510 Veterans Blvd
Metairie, La 70005
Tel. 504/832-0585
Fax 504/846-2400
E-mail cwilson@courtlaw.net

/s/Dwight Norton
Dwight W Norton, 10074
3939 Veterans Blvd, Ste 202
Metairie, La 70005
Tel. 504/888-8288
Fax 504/454-0103

/s/ Elmer G Gibbons, III
Elmer G Gibbons, III, 06132
3939 Veterans Blvd, Ste 202
Metairie, La 70005
Tel. 504/888-8288
Fax 504/454-0103

Please do not issue summons.